UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In Re:<br>    Mark R Hopkins<br>    Kathryn L Hopkins<br><br>    Debtors, | Case No. 18-30938-dwh13<br><br>DEBTOR'S NOTICE OF INTENT<br>TO SELL REAL PROPERTY |
|---|---|

Debtors Mark and Kathryn Hopkins, through their attorney Michael Shurtleff, move the court for an order allowing the sale of real property located at 633 NE 7th Street, McMinnville, OR. 97128. The legal description of this property is attached hereto as Exhibit A and by this reference incorporated as if fully set forth herein.

1. The Buyer, Matthew Hopkins is the debtor's son.

2. The sale is subject to the approval of the Chapter 13 trustee.

3. Attached as Exhibit B is a copy of the Residential Real Estate Sale Agreement.

4. The proceeds from the sale of debtor's property shall first pay cost of sale, including realtor's commission and closing costs, and then all existing liens and encumbrances and any remainder, beyond what debtors may exempt, shall be paid to the Chapter 13 trustee.

**YOU ARE NOTIFIED** that unless you file an objection to this notice no later than twenty-one (21) days after the service date, **and set forth the specific grounds for the objection** and your relation to the case, with the Clerk of the Court, 1050 SW 6th Ave #700, Portland, OR. 97204 and the Debtor's attorney, Michael Shurtleff, PO Box 5250 Salem, OR. 97304

the Debtor will take the proposed action or apply for an order if required, without further notice or a hearing.

Dated: June 29, 2019

Respectfully Submitted:
**SALEM LAW, LLC**

/s/ Michael A. Shurtleff
Michael A. Shurtleff, OSB #095070
PO Box 5250, Salem, Oregon 97304
(503) 798-8708: (503) 664-4316
ms@salemlawllc.com
***Attorney for Debtor(s)***

CERTIFICATE OF SERVICE

I, Michael Shurtleff, certify that I served the forgoing document via ecf which will in turn serve

Michael Shurtleff on behalf of debtors, ms@salemlawllc.com

Wayne Godare - Chapter 13 Trustee, c0urtmai1@portland13.com

US Trustee, Eugene USTPRegion18.EG.ECF@usdog.gov

JESSE A BAKER on behalf of Creditor U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust jbaker@aldridgepite.com

GADI SHAHAK on behalf of Creditor Welld Fargo Holdings/Wells Fargo Bank gshahak@logs.com

And Via First class mail, postage prepaid, on all creditors who filed a proof of claim or made an appearance as a party in the case as of June 28, 2019, Including:

ODR Bkcy
955 Center St NE
Salem OR 97301-2555

IRS
POB 7346
Philadelphia, PA 19101-7346

Quantum3 Group LLC as agent for
Credit Corp Solutions Inc
PO Box 788
Kirkland, WA 98083-0788

Wells Fargo Bank, N.A.
MAC N9286-01Y
Default Document Processing
1000 Blue Gentian Road
Eagan, MN 55121-7700

Verizon
by American InfoSource LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118

Directv, LLC
by American InfoSource LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118

Willamette Valley Medical
Resurgent Capital Services
PO Box 1927
Greenville, SC 29602


Dated June 29, 2019

Respectfully Submitted:
**SALEM LAW, LLC**

/s/ Michael A. Shurtleff
Michael A. Shurtleff, OSB #095070
PO Box 5250, Salem, Oregon 97304
(503) 798-8708: (503) 664-4316
ms@salemlawllc.com
***Attorney for Debtor(s)***

Exhibit A

Legal Description: Township 4S Range 4W Section 21 Qtr B QQtr B TaxLot 15700 Lot 2 Block 1 SubdivisionName TONEY'S ADDITION

**EXHIBIT B**



Sale Agreement # 06182019 WG

## FINAL AGENCY ACKNOWLEDGMENT

1. Both Buyer and Seller acknowledge having received the Oregon Real Estate Agency Disclosure Pamphlet, and hereby acknowledge and consent
2. to the following agency relationships in this transaction: **Warren Good**
3. _____ (Name of Buyer's Agent(s)*), Oregon Lic. # **2012515871**
4. of **McMinnville** (Name of Real Estate Firm(s)*)
5. Buyer's Agent's Office Address **224 N. Baker Street, McMinnville, OR 97128**, Company Lic. # **200703266**
6. Phone #1 **503-883-4480** Phone #2 **503-883-4480** E-mail **onegoodrealtor@yahoo.com**
7. is/are the agent of (check one): ☐ Buyer exclusively ("Buyer Agency"). ☒ Both Buyer and Seller ("Disclosed Limited Agency").
8. **Warren Good** (Name of Seller's Agent(s)*), Oregon Lic. # **201215871**
9. of **Berkshire Hathaway North West Services** (Name of Real Estate Firm(s)*)
10. Seller's Agent's Office Address **224 NE Baker St, McMinnville, OR 97128-4919**, Company Lic. # **200703266**
11. Phone #1 _____ Phone #2 _____ E-mail _____
12. is/are the agent of (check one): ☐ Seller exclusively ("Seller Agency"). ☒ Both Buyer and Seller ("Disclosed Limited Agency").
13. *If Buyer's and/or Seller's Agents and/or Firms are co-selling or co-listing in this transaction, all Agents and Firm names should be
14. disclosed above.
15. If both parties are each represented by one or more Agents in the same Real Estate Firm, and Agents are supervised by the same principal broker in
16. that Real Estate Firm, Buyer and Seller acknowledge that said principal broker shall become the disclosed limited agent for both Buyer and Seller as
17. more fully explained in the Disclosed Limited Agency Agreements that have been reviewed and signed by Buyer, Seller and Agent(s).
18. Buyer shall sign this acknowledgment at the time of signing this Agreement before submission to Seller. Seller shall sign this acknowledgment at the
19. time this Agreement is first submitted to Seller, even if this Agreement will be rejected or a counter offer will be made. Seller's signature to this Final
20. Agency Acknowledgment shall not constitute acceptance of this Agreement or any terms therein.
21. Buyer /s/ _____ Print **Matthew Hopkins** Date 6-18-19 ←
22. Buyer _____ Print _____ Date _____ ←
23. Seller /s/ Mark Hopkins Print **Mark Hopkins** Date 6-19-19 ←
24. Seller /s/ Kathryn Hopkins Print **Kathryn L. Hopkins** Date 6-19-19 ←

## RESIDENTIAL REAL ESTATE SALE AGREEMENT

25. **THIS AGREEMENT IS INTENDED TO BE A LEGAL AND BINDING CONTRACT. IF IT IS NOT UNDERSTOOD, SEEK COMPETENT LEGAL**
26. **ADVICE BEFORE SIGNING. FOR AN EXPLANATION OF THE PRINTED TERMS AND PROVISIONS IN THIS FORM REGARDING TIMING,**
27. **NOTICE, BINDING EFFECT, ETC., SELLER AND BUYER ARE ENCOURAGED TO CLOSELY REVIEW THE DEFINITIONS AND**
28. **INSTRUCTIONS SECTION BELOW.**
29. **1. PRICE/PROPERTY DESCRIPTION:** Buyer **Matthew Hopkins**
30.
31. offers to purchase from Seller **Mark Hopkins, Kathryn L. Hopkins**
32.
33. the following described real property (hereinafter "the Property") situated in the State of Oregon, County of **Yamhill**
34. and commonly known or identified as *(insert street address, city, zip code, tax identification number, lot/block description, etc.)*
35. **633 NE 7th St, McMinnville, OR 97128-3904**
36. **15700**
37. (Buyer and Seller agree that if it is not provided herein, a complete legal description as provided by the title insurance company in accordance with
38. Section 9 (Title Insurance) below shall, where necessary, be used for purposes of legal identification and conveyance of title.)
39. for the Purchase Price (in U.S. currency) of ................................................................. A $ **265,000**
40. on the following terms: Earnest money herein receipted for ............................. B $ **500.00**
41. on _____, as additional earnest money, the sum of ................ C $ _____
42. at or before Closing, the balance of down payment .......................................... D $ _____
43. at Closing and upon delivery of ☒ DEED ☐ CONTRACT the balance of the Purchase Price ..................................... E $ **264,500** (500.00)
44. shall be paid as agreed in Financing Section of the Agreement. *(Lines B, C, D and E should equal Line A)*

Buyer Initials **MH** / **KH** Date **6-18-19** | Seller Initials **MH** / **KH** Date **6-19-19**

This form has been licensed for use solely by Warren Good pursuant to a Forms License Agreement with Oregon Real Estate Forms, LLC.
LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE OF BUYER AND/OR SELLER AND DATE
Copyright Oregon Real Estate Forms, LLC **2019** www.orefonline.com
No portion may be reproduced without express permission of Oregon Real Estate Forms, LLC    OREF 001
RESIDENTIAL REAL ESTATE SALE AGREEMENT – Page 1 of 11



| | Sale Agreement # | |
|---|---|---|

45 **2. FIXTURES/CONTROLS/KEYS:** All fixtures and essential related equipment (e.g. remote controls, and all keys related to Property including
46 mailbox, outbuilding(s), etc.) are to be left upon the Property. Fixtures shall include but not be limited to: built-in appliances; attached floor coverings;
47 drapery rods and curtain rods; window and door screens; storm doors and windows; system fixtures (irrigation, plumbing, ventilating, cooling and
48 heating); water heaters; attached electric light and bathroom fixtures; light bulbs; fluorescent lamps; window blinds; awnings; fences; all planted
49 shrubs, plants and trees; EXCEPT: _____
50 _____

51 **3. PERSONAL PROPERTY:** Only the following personal property, in **"AS-IS"** condition and at no stated value is included:
52 _____
53 _____
54 _____

55 **FINANCING**

56 **4. BALANCE OF PURCHASE PRICE.** *(Select A or B)*
57 Buyer represents that Buyer has liquid and available funds for the earnest money deposit and down payment, and if an all cash transaction, the full purchase
58 price, sufficient to Close the transaction described herein and is not relying upon any contingent source of funds (e.g., from loans, gifts, sale or closing of other
59 property, 401K disbursements, etc.), except as follows *(describe)*: _____
60 _____

61 A. ☐ **This is an all cash transaction.** Buyer to provide verification ("Verification") of readily available funds as follows *(select only one)*:
62 ☐ Buyer has attached a copy of the Verification with the submission of this Agreement to Seller. ☐ Buyer will provide Seller with the Verification
63 within _____ business days (five [5] if not filled in) after this Agreement has been signed and accepted; or ☐ Other *(Describe)*: _____
64 _____.
65 Seller may notify Buyer, in writing, of Seller's unconditional disapproval of the Verification within _____ business days (two [2] if not filled in)
66 ("Disapproval Period") following its receipt by Seller. Provided however, such disapproval must be objectively reasonable. Upon such disapproval, all
67 earnest money deposits shall be promptly refunded to Buyer and this transaction shall be terminated. **If Seller fails to provide Buyer with written**
68 **unconditional disapproval of the Verification by 5:00 p.m. of the last day of the Disapproval Period, Seller shall be deemed to have**
69 **approved the Verification. If Buyer fails to submit a Verification within a time frame selected above, unless the parties agree otherwise in**
70 **writing, all earnest money deposits shall be promptly refunded and this transaction shall be terminated.**

71 B. ☒ Balance of Purchase Price to be financed through one of the following Loan Programs *(Select only one)*:
72 ☐ Conventional; ☒ FHA; ☐ Federal VA (Seller ☐ Shall ☐ Shall not agree to pay Buyer's non-allowable VA fees);
73 ☐ Other *(Describe)*: **USDA GUARENTEE**_____ **Buyer agrees to**
74 seek financing through a lending institution or mortgage broker (hereinafter collectively referred to as "Lender") participating in the Loan
75 Program selected above.

76 **C. Pre-Approval Letter.** ☒ Buyer has attached a copy of a Pre-Approval Letter from Buyer's Lender; ☐ Buyer does not have a Pre-Approval Letter
77 at the time of making this offer; ☐ Buyer agrees to secure a Pre-Approval Letter and provide a copy to Seller as follows: _____
78 _____

79 **5.1 FINANCING CONTINGENCIES.** If Buyer is financing any portion of the Purchase Price, this transaction is subject to the following financing
80 contingencies: (1) Buyer and the Property to qualify for the loan from Lender; (2) Lender's appraisal shall not be less than the Purchase Price; and,
81 (3) Other *(Describe)*: _____
82 _____.
83 Except as otherwise provided herein, all Financing Contingencies are solely for Buyer's benefit and may be waived by Buyer in writing at any time.

84 **5.2 FAILURE OF FINANCING CONTINGENCIES.** If Buyer receives actual notification from Lender that any Financing Contingencies identified
85 above have failed or otherwise cannot occur, Buyer shall promptly notify Seller, and the parties shall have _____ business days (two [2] if not filled
86 in) following the date of Buyer's notification to Seller to either (a) Terminate this transaction by signing a **OREF 057 Termination Agreement**
87 and/or such other similar form as may be provided by Escrow; or (b) Reach a written mutual agreement upon such price and terms that will permit
88 this transaction to continue. Neither Seller nor Buyer are required under the preceding provision (b) to reach such agreement. If (a) or (b) fail to
89 occur within the time period identified in this Section 5.2, (Failure of Financing Contingencies) this transaction shall be automatically terminated and
90 all earnest money shall be promptly refunded to Buyer. Buyer understands that upon termination of this transaction, Seller shall have the right to
91 place the Property back on the market for sale upon any price and terms as Seller determines, in Seller's sole discretion.

Buyer Initials **MH** / _____ Date **6-18-19**    Seller Initials **MH** / **KH** Date **6 19 19**

This form has been licensed for use solely by Warren Good pursuant to a Forms License Agreement with Oregon Real Estate Forms, LLC.
LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE OF BUYER AND/OR SELLER AND DATE
Copyright Oregon Real Estate Forms, LLC 2019    www.orefonline.com
No portion may be reproduced without express permission of Oregon Real Estate Forms, LLC    **OREF 001**
RESIDENTIAL REAL ESTATE SALE AGREEMENT – Page 2 of 11

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com    Matthew Hopkins



92  **5.3 BUYER REPRESENTATION REGARDING FINANCING.** Buyer makes the following representations to Seller: (1) Buyer's completed loan
93  application, as hereinafter defined, shall be submitted to the Lender that provided the Pre-Approval Letter, a copy of which has been delivered to
94  Seller, or will be, pursuant to Section 4C, (Pre-Approval Letter), above.

95  (2) Buyer shall submit to Buyer's Lender a completed loan application for purchase of the Property not later than __3__ business days (three [3] if not
96  filled in) following the date Buyer and Seller have signed and accepted this Agreement. A "completed loan application" shall include the following
97  information: (i) Buyer's name(s); (ii) Buyer's income(s); (iii) Buyer's social security number(s); (iv) the Property address; (v) an estimate of the
98  value of the Property; and (vi) the loan amount sought.

99  (3) Buyer agrees that if Buyer intends to proceed with the loan transaction, Buyer will so notify Lender within __3__ business days (three [3] if not filled in -
100 but not to exceed ten [10]) in such form as required by said Lender, following Buyer's receipt of Lender's Loan Estimate. Upon request, Buyer shall
101 promptly notify Seller of the date of Buyer's signed notice of intent to proceed with the loan.

102 (4) Buyer will thereafter complete all paperwork requested by the Lender in a timely manner, and exercise best efforts (including payment of all
103 application, appraisal and processing fees, where applicable) to obtain the loan.

104 (5) Buyer understands and agrees that Buyer may not replace the Lender or Loan Program already selected, without Seller's written consent, which
105 may be withheld in Seller's sole discretion.

106 (6) Following submission of the loan application, Buyer agrees to keep Seller promptly informed of all material non-confidential developments
107 regarding Buyer's financing and the time of Closing.

108 (7) Buyer shall make a good faith effort to secure the ordering of the Lender's appraisal no later than expiration of the Inspection Period at Section
109 10 (Inspection), below of this Agreement, (or Section 1 of the **OREF 058 Professional Inspection Addendum** if used).

110 (8) Buyer authorizes Buyer's Lender to provide non-confidential information to Buyer's and Seller's Agents regarding Buyer's loan application
111 status.

112 **6.1 INSURANCE:** Buyer is encouraged to promptly verify the availability and cost of property/casualty/fire insurance that will be secured for the
113 Property. Additionally, lenders may require proof of property/casualty/fire insurance as a condition of the loan.

114 **6.2 FLOOD INSURANCE; ELEVATION CERTIFICATE:** If the Property is located in a designated flood zone, flood insurance may be required as a
115 condition of a new loan. Buyer is encouraged to promptly verify the need, availability, and cost of flood insurance, if applicable. An Elevation
116 Certificate ("EC") is the document used by the federal National Flood Insurance Program ("NFIP") to determine the difference in elevation between
117 a home or building, and the base flood elevation ("BFE"), which is a computed elevation to which floodwater is anticipated to rise during certain
118 floods. The amount of the flood insurance premium for a particular property is based upon the EC. Not all properties in flood zones require an EC,
119 depending upon when they were constructed. ECs must be prepared and certified by a land surveyor, engineer, or architect who is authorized by
120 the local jurisdiction to certify elevation information. The costs and fees for an EC may range from a few hundred dollars to over a thousand. **If the
121 Property requires an EC, it will need to be obtained prior to receiving a flood insurance quote. Additionally, lenders may require an EC as
122 a condition of loan approval.** For more information, go to the following website: **www.fema.gov**

123 **7. SELLER-CARRIED FINANCING (E.G., LAND SALE CONTRACT/TRUST DEED/MORTGAGE/OPTION AGREEMENTS, RENT-TO-OWN,
124 ETC.):** Notice to Buyer and Seller: If this transaction involves a land sale contract, trust deed, mortgage, option, or lease-to-own agreement
125 (hereinafter a "Seller Carried Transaction"), Oregon law requires that, unless exempted, individuals offering or negotiating the terms must hold a
126 mortgage loan originator ("MLO") license. Your real estate agent is not qualified to provide these services or to advise you in this regard. Legal
127 advice is strongly recommended. If this is a Seller-Carried Transaction, Buyer and Seller are advised to review the OREF 032 Seller-Carried
128 Transactions Buyer and Seller Advisory. Buyer and Seller agree as follows (select only one):

129 ☐ (a) Use the **OREF 033 Seller-Carried Transaction Addendum** and related forms; or

130 ☐ (b) Secure separate legal counsel to negotiate and draft the necessary documents or employ an MLO

131 Seller and Buyer agree that regardless of whether (a), (b), is selected, they will reach a signed written agreement upon the terms and conditions of
132 such financing (e.g. down payment, interest rate, amortization, term, payment dates, late fees, balloon dates, etc.) within __10__ business days (ten
133 [10] if not filled in) commencing on the next business day following the date they have signed and accepted this Sale Agreement ("Negotiation of
134 Terms Period"). Upon failure of Buyer and Seller to reach agreement by 5:00 p.m. on the last day of the Negotiation of Terms Period, or such other
135 times as may be agreed upon in writing, all earnest money deposits shall be refunded to Buyer and this transaction shall be automatically
136 terminated. *Caveat: Buyer's and Seller's Agents are not authorized to render advice on these matters. Buyer and Seller are advised to
137 secure competent legal advice while engaged in a Seller-Carried Transaction.*

138 **8. ADDITIONAL FINANCING PROVISIONS (e.g. Closing Costs):** _____
139 _____
140 _____

Buyer Initials _MH_ / _KH_ Date _6-18-19_    Seller Initials _MH_ / _KH_ Date _6-19-19_

This form has been licensed for use solely by Warren Good pursuant to a Forms License Agreement with Oregon Real Estate Forms, LLC.
LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE OF BUYER AND/OR SELLER AND DATE
Copyright Oregon Real Estate Forms, LLC 2019    www.orefonline.com
No portion may be reproduced without express permission of Oregon Real Estate Forms, LLC

OREF 001
RESIDENTIAL REAL ESTATE SALE AGREEMENT – Page 3 of 11

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com    Matthew Hopkins

## CONTINGENCIES

**9. TITLE INSURANCE:** When this Agreement is signed and accepted by Buyer and Seller, Seller will, at Seller's sole expense, promptly order from the title insurance company selected at Section 23 (Escrow) below, a preliminary title report and copies of all documents of record ("the Report and Documents of Record") for the Property, and furnish them to Buyer at Buyer's contact location as defined at Section 31(3) (Definitions/Instructions), below. Unless otherwise provided herein, this transaction is subject to Buyer's review and approval of the Report and Documents of Record **(If, upon receipt, the Report and Documents of Record are not fully understood, Buyer should contact the title insurance company for further information or seek competent legal advice). The Buyer's and Seller's Agents are not qualified to advise on specific legal or title issues.)** Upon receipt of the Report and Documents of Record Buyer shall have __5__ business days (five [5] if not filled in) within which to notify Seller, in writing, of any matters disclosed in the Report and Documents of Record which is/are unacceptable ("the Objections"). Buyer's failure to timely object in writing, shall constitute acceptance of the Report and/or Documents of Record. However, Buyer's failure to timely object shall not relieve Seller of the duty to convey marketable title to the Property pursuant to Section 28 (Deed), below. If, within __5__ business days (five [5] if not filled in) following Seller's receipt of the Objections, Seller fails to remove or correct the matters identified therein, or fails to give written assurances reasonably satisfactory to Buyer, that they will be removed or corrected prior to Closing, all earnest money shall be promptly refunded to Buyer, and this transaction shall be terminated. This contingency is solely for Buyer's benefit and may be waived by Buyer in writing. Within thirty (30) days after Closing, the title insurance company shall furnish to Buyer, an owner's standard form policy of title insurance insuring marketable title in the Property to Buyer in the amount of the Purchase Price, free and clear of the Objections, if any, and all other title exceptions agreed to be removed as part of this transaction. *(Note: This Section 9 (Title Insurance) provides that Seller will pay for Buyer's standard owner's policy of title insurance. In some areas of the country, such a payment might be regarded as a "seller concession." Under the TILA/RESPA Integrated Disclosure Rules ["the Rules"], there are limitations, regulations and disclosure requirements on "seller concessions", unless the product or service paid for by the Seller was one customarily paid by sellers in residential sales transactions. In Oregon, sellers customarily and routinely pay for their buyer's standard owner's policy of title insurance. Accordingly, unless the terms of this Section 9 (Title Insurance) are modified in writing by Buyer and Seller, the parties acknowledge, agree and so instruct Escrow, that in this transaction, Seller's payment of Buyer's standard owner's policy of title insurance is not a "seller concession" under the Rules or any other federal law.)*

**10. INSPECTIONS/ENVIRONMENTAL HEALTH CONDITIONS:** The following list identifies some, but not all, environmental conditions that may be found in and around all real property that may affect health: Asbestos, carbon monoxide, electric and magnetic fields, formaldehyde, lead and other contaminants in drinking water and well water, lead based paint, mold and mildew, radon, and leaking underground storage tanks. If Buyer has any concerns about these conditions or others, Buyer is encouraged to secure the services of a licensed professional inspector, consultant, or health expert, for information and guidance. Neither the Buyer's nor Seller's Agents are experts in environmental health hazards or conditions. Buyer understands that it is advisable to have a complete inspection of the Property by qualified licensed professional(s) relating to such matters as structural condition, soil condition/compaction/stability, environmental issues, survey, zoning, operating systems, and suitability for Buyer's intended purpose. Neither Buyer's nor Seller's Agent are qualified to conduct such inspections and shall not be responsible to do so. For further details, Buyer is encouraged to review the Buyer Advisory at www.oregonrealtors.org and the Oregon Public Health Division at www.public.health.oregon.gov.

*Check only one box below:*

[X] **LICENSED PROFESSIONAL INSPECTIONS:** At Buyer's expense, Buyer may have the Property and all elements and systems thereof inspected by one or more licensed professionals of Buyer's choice. Provided, however, Buyer must specifically identify in this Agreement any desired invasive inspections that may include testing or removal of any portion of the Property including, for example, radon and mold. **Identify Invasive Inspections:** _____

Buyer understands that Buyer is responsible for the restoration of the Property following any inspection(s)/test(s) performed by Buyer or on Buyer's behalf. Buyer shall have __12__ business days (ten [10] if not filled in), after the date Buyer and Seller have signed and accepted this Agreement (hereinafter "the Inspection Period"), in which to complete all inspections **and** negotiations with Seller regarding any matters disclosed in any inspection report. Buyer shall **not** provide all or any portion of the inspection reports to Seller unless requested by Seller. However, at any time during this transaction, or promptly following termination, upon request by Seller, Buyer shall promptly provide a copy of such reports or portions of reports, as requested. During the Inspection Period, Seller shall not be required to modify any terms of this Agreement already reached with Buyer. Unless a written agreement has already been reached with Seller regarding Buyer's requested repairs, at any time during the Inspection Period, Buyer may notify Seller, in writing, of Buyer's unconditional disapproval of the Property based on any inspection report(s), in which case, all earnest money deposits shall be promptly refunded, and this transaction shall be terminated. **If Buyer fails to provide Seller with written unconditional disapproval of any inspection report(s) by 5:00 P.M. of the final day of the Inspection Period, Buyer shall be deemed to have accepted the condition of the Property. Note that if, prior to expiration of the Inspection Period, written agreement is reached with Seller regarding Buyer's requested repairs, the Inspection Period shall automatically terminate, unless the parties agree otherwise in writing.**

[ ] **ALTERNATIVE INSPECTION PROCEDURES: OREF 058 PROFESSIONAL INSPECTION ADDENDUM**

Buyer Initials *MH* / _____ Date 6-10-19     Seller Initials *MH* / *KH* Date 6-19-19

This form has been licensed for use solely by Warren Good pursuant to a Forms License Agreement with Oregon Real Estate Forms, LLC.
LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE OF BUYER AND/OR SELLER AND DATE
Copyright Oregon Real Estate Forms, LLC 2019     www.orefonline.com
No portion may be reproduced without express permission of Oregon Real Estate Forms, LLC     **OREF 001**
RESIDENTIAL REAL ESTATE SALE AGREEMENT – Page 4 of 11

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com     Matthew Hopkins

193 ☐ OTHER INSPECTION ADDENDUM _____
194 ☐ **BUYER'S WAIVER OF INSPECTION CONTINGENCY:** Buyer represents to Seller and all Agents and Firms that Buyer is fully satisfied with the
195 condition of the Property and all elements and systems thereof and **knowingly and voluntarily** elects to waive the right to have any inspections
196 performed as a contingency to the Closing of the transaction. Buyer's election to waive the right of inspection is solely Buyer's decision and at
197 Buyer's own risk.

198 **11. LEAD-BASED PAINT CONTINGENCY PERIOD:** If the Property was constructed before 1978, on or promptly after the date the parties have signed
199 and accepted this Agreement, Seller shall deliver to Buyer OREF 021, the Lead-Based Paint Disclosure Addendum ("the Disclosure Addendum"),
200 together with the EPA Pamphlet entitled "Protect Your Family From Lead in Your Home" (the "Date of Delivery"). Unless waived by Buyer in writing in the
201 Disclosure Addendum, Buyer shall have ten (10) calendar days (or other mutually agreed upon period) commencing on the day following the Date of
202 Delivery, within which to conduct a lead-based paint assessment or inspection (the "LBP Contingency Period"). If lead-based paint and/or lead-based
203 paint hazards are identified in the Property by a certified inspector at any time before expiration of the LBP Contingency Period, Buyer may
204 unconditionally cancel this transaction by written notice to Seller ("Notice of Cancellation"). In such case, Buyer shall deliver a copy of any written reports
205 or evaluations (collectively "Reports") to Seller, *together with* the Notice of Cancellation, and thereafter receive a prompt refund of all earnest money
206 deposits. Buyer understands that the failure to deliver the Notice of Cancellation to Seller *together with* the Reports, on or before Midnight of
207 the last day of the LBP Contingency Period shall constitute acceptance of the condition of the Property as it relates to the presence of lead-
208 based paint or lead-based paint hazards, and the LBP Contingency Period shall automatically expire.

209 **12.1 PRIVATE WELL:** Does the Property include a well that supplies or is intended to supply domestic water for household use? ☐ Yes ☐ No
210 If the property contains a private well, the **OREF 82 Private Well Addendum** will be attached to this Sale Agreement.

211 **12.2 SEPTIC/ONSITE SEWAGE SYSTEM:** Does the Property include a septic/onsite sewage system? ☐ Yes ☐ No If the Property contains a
212 septic/onsite sewage system, the **OREF 081 Septic/Onsite Sewage System Addendum** will be attached to this Sale Agreement.

213 **13. PROPERTY DISCLOSURE LAW:** Buyer and Seller acknowledge that unless this transaction is otherwise exempted, Oregon law provides that
214 Buyer has a right to revoke Buyer's offer by giving Seller written notice thereof (a) within five (5) business days after Seller's delivery of Seller's
215 Property Disclosure Statement ("the Statement"), or (b) at any time before Closing (as defined in the Oregon Administrative Rules) if Buyer does
216 not receive the Statement from Seller before Closing. Buyer may waive the right of revocation only in writing. Seller authorizes Seller's Agent's Firm
217 to receive Buyer's notice of revocation, if any, on Seller's behalf.

## SELLER REPRESENTATIONS

219 **14. SELLER REPRESENTATIONS:** Subject to other written disclosures made by Seller as a part of this transaction, Seller makes the
220 following representations to Buyer:
221 (1) The primary dwelling is connected to *(check all that apply)*: ☒ a public sewer system; ☐ an on-site sewage system; ☒ a public
222 water system; ☐ a private well; ☐ other (e.g., surface springs, cistern, etc.).
223 (2) Seller has no knowledge of any hazardous substances in or about the Property other than substances (if any) contained in appliances
224 and equipment. Buyer acknowledges that asbestos commonly exists in insulation, ceilings, floor coverings and other areas in residential
225 housing and may exist in the Property.
226 (3) Seller knows of no material defects in or about the Property.
227 (4) All electrical wiring, heating, cooling, plumbing and irrigation equipment and systems and the balance of the Property, including the
228 yard, will be in substantially their present condition at the time Buyer is entitled to possession.
229 (5) Seller has no notice of any liens or assessments to be levied against the Property.
230 (6) Seller has no notice from any governmental agency of any violation of law relating to the Property.
231 (7) Seller knows of no material discrepancies between visible lines of possession and use (such as existing fences, hedges, landscaping,
232 structures, driveways, and other such improvements) currently existing on the Property and the legal description of the Property.
233 (8) Seller will keep the Property fully insured through Closing.
234 (9) Seller agrees to promptly notify Buyer if, prior to Closing, Seller receives actual notice of any event or condition that could result in
235 making any previously disclosed material information relating to the Property substantially misleading or incorrect.
236 These representations are made to the best of Seller's knowledge. Seller may have made no investigations. Exceptions to items (1)
237 through (9) are: _____ (For more exceptions see Addendum _____).
238 Buyer acknowledges that the above representations are not warranties regarding the condition of the Property and are not a substitute
239 for, nor in lieu of, Buyer's own responsibility to conduct a thorough and complete independent investigation, including the use of
240 professionals, where appropriate, regarding all material matters bearing on the condition of the Property, its value and its suitability for
241 Buyer's intended use. Neither Buyer's nor Seller's Agents shall be responsible for conducting any inspection or investigation of any
242 aspects of the Property.

Buyer Initials MH / ____ Date 6-18-19        Seller Initials MH / KH Date 6/19/19

This form has been licensed for use solely by Warren Good pursuant to a Forms License Agreement with Oregon Real Estate Forms, LLC.
LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE OF BUYER AND/OR SELLER AND DATE
Copyright Oregon Real Estate Forms, LLC 2019        www.orefonline.com
No portion may be reproduced without express permission of Oregon Real Estate Forms, LLC        OREF 001
RESIDENTIAL REAL ESTATE SALE AGREEMENT – Page 5 of 11

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com        Matthew Hopkins



243  **15.1 SELLER ADVISORY: OREGON STATE TAX WITHHOLDING OBLIGATIONS:** Subject to certain exceptions, Escrow is required to withhold a portion
244  of Seller's proceeds if Seller is a non-resident individual or corporation as defined under Oregon law. Buyer and Seller agree to cooperate with Escrow by
245  executing and delivering any instrument, affidavit or statement as requested, and to perform any acts reasonable or necessary to carry out the provisions of
246  Oregon law.

247  **15.2 FIRPTA TAX WITHHOLDING REQUIREMENT:** Seller and Buyer are advised that at Closing, a Federal law, known as the Foreign Investment in Real
248  Property Tax Act ("FIRPTA"), requires buyers to withhold a portion of a seller's proceeds (up to 15% of the Purchase Price) if the real property is located
249  within the United States and the seller is a "foreign person" who does not qualify for an exemption. A "foreign person" includes a non- resident alien individual,
250  foreign corporation, foreign partnership, foreign trust or a foreign estate.

251  If FIRPTA does *not* apply (i.e. Seller is *not* a foreign person), then Seller shall complete, sign, and deliver to Escrow either OREF 094 FIRPTA
252  Certification of Non Foreign Status or a form of certification of non-foreign status provided by escrow that complies with the requirements of 26
253  CFR § 1.1445-2 (the "Certificate") prior to Closing. If Seller fails or refuses to complete, sign, and deliver the Certificate to Escrow prior to Closing,
254  Seller understands and agrees that Seller will be presumed to be a foreign person so the Withholding Requirement (as defined in Section 2 - Buyer
255  Responsibilities Under FIRPTA or OREF 093 FIRPTA Addendum) will apply to this transaction. Seller acknowledges that the Certificate includes
256  Seller's taxpayer identification number, social security number, or employer identification number (collectively "Nonpubilic Personal Information" or "NPI") as
257  required by applicable law. In some cases, Escrow or Buyer's Agent, after receipt and review of the signed Certificate, will agree to act as a "Qualified
258  Substitute" and provide Buyer with either OREF 095 FIRPTA Qualified Substitute Statement or a qualified substitute statement that complies with the
259  requirements of 26 USC § 1445(b)(9) in lieu of the Certificate at Closing so that Seller's NPI is not disclosed to Buyer. In such event, the original Certificate
260  will be held by Escrow or Buyer's Agent (as applicable) pursuant to applicable law. If Escrow and Buyer's Agent are unable or unwilling to serve as a
261  "Qualified Substitute," Escrow shall deliver to Buyer the original Certificate at Closing, in which case Buyer covenants and agrees not to use or disclose
262  Seller's NPI to any third parties unless required to do so by subpoena or court order.
263  *Seller's and Buyer's Agents are not experts in FIRPTA and will not act as a transferor or transferee agent for purposes of the Withholding*
264  *Requirement. If FIRPTA may apply in this transaction, Seller and Buyer should promptly consult their own experts familiar with the law and*
265  *regulations. For further information, Seller and Buyer should go to: www.irs.gov.*

266  **16. "AS-IS":** Except for Seller's express written agreements and written representations contained herein, and Seller's Property
267  Disclosure, if any, Buyer is purchasing the Property "AS-IS," in its present condition and with all defects apparent or not apparent. This
268  provision shall not be construed to limit Buyer's right to implied new home warranties, if any, that may otherwise exist under Oregon
269  law.

270  **MISCELLANEOUS ITEMS**

271  **17. TOWNHOME/PLANNED COMMUNITY/HOMEOWNER'S ASSOCIATION:** Is the property a townhome, in a planned community, or have a
272  Homeowner's Association? ☐ Yes ☒ No ☐ Unknown

273  If yes, **OREF 024 Townhome/Planned Community/Homeowner's Association Addendum** will be attached to this Sale Agreement.

274  **18. ALARM SYSTEM:** ☒ NONE ☐ OWNED ☐ LEASED ☐ UNKNOWN. If leased, Buyer ☐ will ☐ will not assume the lease at Closing.

275  **19.** Within _____ business days (fifteen [15] if not filled in) after the date Buyer and Seller have signed and accepted this Agreement, **the dwelling**
276  **will have one or more operating smoke alarms, smoke detectors and carbon monoxide detectors as required by law (See website)**
277  **http://www.oregon.gov.**

278  **20. WOODSTOVE/WOOD BURNING FIREPLACE INSERT:** Does the Property contain a woodstove or wood burning fireplace insert?
279  ☐ Yes ☒ No

280  If yes, is the woodstove/wood burning fireplace insert certified? ☐ Yes ☐ No ☐ Unknown. If "No" or "Unknown," Seller to provide Buyer with
281  **OREF 046 Woodstove/Wood Burning Fireplace Insert Addendum.**

282  **21. HOME WARRANTIES:** Home warranty plans may be available to help cover homeowner costs to repair/replace certain home systems and
283  appliances. (See specific plan for details.) Will a plan be purchased for Buyer as a part of this transaction? ☐ Yes ☐ No
284  If yes, identify plan and cost: _____ $_____ To be paid at Closing by: ☐ Buyer ☐ Seller

285  **22. ADDITIONAL PROVISIONS:** _____
286  _____
287  _____
288  _____ For additional provisions, see Addendum _____.

Buyer Initials _WH_ / _____ Date _6-18-19_    Seller Initials _MH_ / _KH_ Date _6/19/19_

This form has been licensed for use solely by Warren Good pursuant to a Forms License Agreement with Oregon Real Estate Forms, LLC.
LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE OF BUYER AND/OR SELLER AND DATE
Copyright Oregon Real Estate Forms, LLC 2019    www.orefonline.com
No portion may be reproduced without express permission of Oregon Real Estate Forms, LLC    OREF 001
RESIDENTIAL REAL ESTATE SALE AGREEMENT – Page 6 of 11
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com    Matthew Hopkins



| | Sale Agreement # |
|---|---|

## CLOSING/ESCROW

**23. ESCROW:** This transaction shall be Closed at <u>Ticor Title - Kim Dunckel</u> ("Escrow"), a neutral escrow company licensed and located in the State of Oregon. Costs of Escrow shall be shared equally between Buyer and Seller, unless otherwise specifically prohibited by the U.S. Department of Veterans Affairs (Federal VA). Unless otherwise provided herein, the parties agree as follows: Seller authorizes Seller's Agent's Firm to order a preliminary title report and owner's title policy at Seller's expense and further authorizes Escrow to pay out of the cash proceeds of sale the expense of furnishing such policy, Seller's recording fees, Seller's Closing costs and any liens and encumbrances on the Property payable by Seller on or before Closing. Buyer shall deposit with Escrow sufficient funds necessary to pay Buyer's recording fees, Buyer's Closing costs, and lender's fees, if any. Real estate fees, commissions or other compensation for professional real estate services provided by Buyer's or Seller's Agent's Firms shall be paid at Closing in accordance with the listing agreement, buyer representation agreement or other written agreement for compensation.

**24. PRORATIONS:** Prorates for rents, current year's taxes, interest on assumed obligations, and other prepaid expenses attributable to the Property shall be as of: *(check one)* [X] the Closing Date; [ ] date Buyer is entitled to possession.

**25. EARNEST MONEY DEPOSIT(S) AND BUYER INSTRUCTIONS:** When this Sale Agreement is signed and accepted by Buyer and Seller, the following instructions shall apply to the handling of Buyer's earnest money deposit in the sum of $ _____ ('the Deposit').

**25.1** The Deposit shall be payable by wire transfer or check, <u>and</u> deposited within <u>10</u> (three [3] if not filled in) business days (the "Deposit Deadline") as follows *(check all that apply)*:

[X] Directly with Escrow;
[ ] Directly into Buyer's Agent's Firm's client trust account and remain there until disbursement at Closing; and/or
[ ] Directly into Buyer's Agent's Firm's client trust account and thereafter deposit with Escrow/Title Company prior to Closing;
[ ] As follows: _____

Caution: The Deposit, payable by whatever method selected by Buyer above, shall be placed with Escrow or Buyer's Agent's Firm's Client Trust account no later than 5:00 pm on the last day of the Deposit Deadline. The failure to do so may result in a breach of the Sale Agreement under Sections 26.1 and 26.2 (Earnest Money Refund to Buyer/Earnest Money Payment to Seller), below.

**25.2** If an additional Deposit ("Additional Deposit") is to be paid, it shall be handled in accordance with the above-selected instructions, or (Describe): _____

**25.3** *Once the Deposit, and Additional Deposit, if any, is/are placed with Escrow, Seller's and Buyer's Agents and Firms shall have no further responsibility to Buyer or Seller regarding said funds.*

**26. EARNEST MONEY DEPOSIT INSTRUCTIONS TO ESCROW:** Escrow is hereby instructed by Buyer and Seller as follows: (1) Upon your receipt of a copy of this Agreement marked "rejected" by Seller or upon Seller's Agent Firm's written advice that the offer is "rejected" by Seller, you are to refund all earnest money to Buyer; (2) Upon your receipt of a copy of this Agreement signed by Buyer and Seller set up an escrow account and proceed with Closing in accordance with the terms of this Agreement. If you determine that the transaction cannot be Closed for any reason (whether or not there is then a dispute between Buyer and Seller), you are to hold all earnest money deposits until you receive written instructions from Buyer and Seller, or a final ruling from a court or arbitrator, as to disposition of such deposits.

**26.1 EARNEST MONEY REFUND TO BUYER:** If (1) Seller does not approve this Agreement; or (2) Seller signs and accepts this Agreement but fails to furnish marketable title; or (3) Seller fails to complete this transaction in accordance with the material terms of this Agreement; or (4) any condition which Buyer has made an express contingency in this Agreement (and has not been otherwise waived) fails through no fault of Buyer, then all earnest money deposits shall be promptly refunded to Buyer. However, acceptance by Buyer of the refund shall not constitute a waiver of other legal remedies available to Buyer.

**26.2 EARNEST MONEY PAYMENT TO SELLER:** If Seller signs and accepts this Agreement and title is marketable; and (1) Buyer has materially misrepresented Buyer's financial status; or (2) Buyer's bank does not pay, when presented, any check given as earnest money or fails to timely make a wire transfer for Buyer's earnest money; or (3) Buyer fails to complete this transaction in accordance with the material terms of this Agreement, then all earnest money paid or agreed to be paid shall be paid to Seller as liquidated damages. The parties expressly agree that Seller's economic and non-economic damages arising from Buyer's failure to close this transaction in accordance with the terms of this Agreement would be difficult or impossible to ascertain with any certainty, and that said earnest money deposit(s) identified herein shall represent a binding liquidated sum, and that it is a fair, reasonable and appropriate pre-estimate of Seller's damages, and is not a penalty. **It is the intention of the parties that Seller's sole remedy against Buyer for Buyer's failure to close this transaction in accordance with the material terms of this Agreement shall be limited to the amount of earnest money paid or agreed to be paid herein. Seller's right to recover from Buyer any unpaid earnest money agreed to be paid herein shall be in accordance with the provisions of the Dispute Resolution Sections below.**

Buyer Initials _HH_ / _____ Date _6-18-19_    Seller Initials _MH_ / _KH_ Date _6/9/19_

This form has been licensed for use solely by Warren Good pursuant to a Forms License Agreement with Oregon Real Estate Forms, LLC.
LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE OF BUYER AND/OR SELLER AND DATE
Copyright Oregon Real Estate Forms, LLC 2019    www.orefonline.com
No portion may be reproduced without express permission of Oregon Real Estate Forms, LLC    OREF 001
RESIDENTIAL REAL ESTATE SALE AGREEMENT – Page 7 of 11

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com    Matthew Hopkins



Sale Agreement # _____

337  **27.1 CLOSING:** Closing shall occur on a date mutually agreed upon between Buyer and Seller, but in no event later than 7-19-2019 ("the Closing
338  Deadline"). The terms "Closed", "Closing" or "Closing Date" shall mean when the deed or contract is recorded and funds are available to Seller. Buyer and
339  Seller acknowledge that for Closing to occur by the Closing Deadline, it may be necessary to execute documents and deposit funds in Escrow prior to that
340  date. *Caveat: Section 7 (Seller-Carried Financing) requires three (3) days prior to the Closing Deadline if Escrow is to prepare a note and a deed of*
341  *trust or mortgage.*

342  **27.2 THE CLOSING DISCLOSURE:** Pursuant to the federal TILA-RESPA Integrated Disclosure Rules ("TRID"), Buyer and Seller will each receive a
343  federally-required document called a "Closing Disclosure", which, among other things, summarizes each party's closing costs. TRID requires that the
344  Closing Disclosure must be received by a residential loan borrower at least three (3) business days prior to "consummation" of the transaction, which in
345  most cases in Oregon will be the date on which Buyer signs the loan documents. Under certain circumstances, a change to the Closing Disclosure late in
346  the transaction could result in a delay in Closing to comply with the three business day rule. *Such a delay beyond the Closing Deadline could result in*
347  *termination of the transaction unless Seller and Buyer mutually agree to extend it.*

348  **27.3 NOTICE REGARDING TITLE INSURANCE COSTS:** The manner in which TRID requires title insurance costs to be disclosed differs from the actual
349  costs that may be charged to the parties under Oregon law. In such instances, at Closing, Escrow may issue a separate statement showing the actual costs
350  for an owner's policy of title insurance and, where applicable, the lender's policy of title insurance. *Seller and Buyer are encouraged to discuss this with*
351  *Escrow prior to Closing.*

352  **28. DEED:** Seller shall convey marketable title to the Property by statutory warranty deed (or good and sufficient personal representative's or
353  trustee's or similar legal fiduciary's deed, where applicable) free and clear of all liens of record, except property taxes that are a lien but not yet
354  payable, zoning ordinances, building and use restrictions, reservations in federal patents, easements of record that affect the Property, covenants,
355  conditions and restrictions of record, and those matters accepted by Buyer pursuant to Section 9 (Title Insurance), above. If Buyer's title will be held
356  in the name of more than one person, see Section 39 (Offer to Purchase), below regarding forms of co-ownership.

357  **29. POSSESSION:** Seller shall remove all personal property (including trash and debris) that is not a part of this transaction, and deliver
358  possession of the Property to Buyer *(select one)*:

359      (1) ☒ by 5:00 p.m. on Closing;

360      (2) ☐ by _____ ☐ a.m. ☐ p.m. _____ days after Closing;

361      (3) ☐ by _____ ☐ a.m. ☐ p.m. on the *(insert date)* _____.

362  If a tenant(s) is currently in possession of the Property, will Buyer will accept tenant(s) at closing; *(check one)*:

363      ☐ No. Seller shall have full responsibility for removal of tenant(s) prior to closing.

364      ☐ Yes. If Yes, Unless otherwise provided herein, all rents shall be prorated as of the closing date and tenant security deposits and any
365  other deposits held on behalf of the tenant(s) by Seller shall be transferred in full to Buyer at closing. All funds shall be handled through escrow.
366  Buyer and Seller are encouraged to attach the OREF 070 Investment Property Addendum to address additional items related to the buyer accepting
367  the tenant(s) at closing.

368  **30. SELLER POSSESSION BEFORE/AFTER CLOSING:** In the event that Buyer and Seller agree that Seller will deliver possession before or after
369  Closing, **OREF 053 (Agreement to Occupy Before Closing)** or **OREF 054 (Agreement to Occupy After Closing)** will be attached to this Sale
370  Agreement.

371  ## DEFINITIONS/INSTRUCTIONS

372  **31. DEFINITIONS/INSTRUCTIONS:** (1) All references in this Sale Agreement to "Agent" and "Firm" shall refer to Buyer's and Seller's real estate
373  agents licensed in the State of Oregon and the respective real estate companies with which they are affiliated.
374  (2) Time is of the essence of this Agreement.
375  (3) Except as provided in Section 9, (Title Insurance) above, all written notices or documents, required or permitted under this Agreement to be
376  delivered to Buyer or Seller may be delivered to their respective Agent with the same effect as if delivered to that Buyer or Seller. Upon opening of
377  this transaction with the title company identified at Section 23 (Escrow), above, Buyer, Seller, and their respective Agents, where applicable, shall
378  provide Escrow with their preferred means of notification (e.g. email or text address, facsimile number, or mailing or personal delivery address, or
379  other), which shall serve as the primary location for receipt of all notices or documents (hereinafter, "Contact Location").
380  (4) Agent(s) and Firm(s) identified in the Final Agency Acknowledgment Section, above are not parties to this Agreement.
381  (5) A "business day" shall mean Monday through Friday, except recognized state and/or federal holidays.
382  (6) "Agreement" or "sale agreement" collectively shall be defined as this real estate sale agreement in its entirety and includes any written offer, counteroffer, or
383  addendum in any form or language that adds to, amends or otherwise modifies this real estate sale agreement that has been signed and accepted in
384  accordance with the requirements of item 7 herein.

Buyer Initials MH / _____ Date 6-18-19    Seller Initials MH / KH Date 6/19/19

This form has been licensed for use solely by Warren Good pursuant to a Forms License Agreement with Oregon Real Estate Forms, LLC.
LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE OF BUYER AND/OR SELLER AND DATE
Copyright Oregon Real Estate Forms, LLC 2019  www.orefonline.com
No portion may be reproduced without express permission of Oregon Real Estate Forms, LLC    OREF 001
RESIDENTIAL REAL ESTATE SALE AGREEMENT – Page 8 of 11

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com    Matthew Hopkins



385 (7) The sending of a signed acceptance of the Agreement via Electronic Transmission from one party, or their Agent, to the other party, or their
386 Agent, shall have the same effect as Manual Delivery of the signed original. If the parties intend to use any other method for transmitting a signed
387 offer or acceptance of the Agreement (such as regular mail, certified mail, or overnight delivery), they should so specify at Section 22 (Additional
388 Provisions) of this Sale Agreement.
389 (8) Time calculated in days after the date Buyer and Seller have signed and accepted this Agreement shall start on the first full business day after
390 the date they have signed and accepted it.
391 (9) This Agreement is binding upon the heirs, personal representatives, successors and assigns of Buyer and Seller. However, Buyer's rights under
392 this Agreement or in the Property are not assignable without prior written consent of Seller.
393 (10) This Agreement may be signed in multiple legible counterparts with the same legal effect as if all parties signed the same document.
394 (11) Excepting only the Lead-Based Paint Contingency Period identified in Section 11 (Lead-based Paint Contingency Period), unless a different
395 time is specified in the Agreement, all deadlines for performance, however designated, that are measured in business or calendar days, shall
396 terminate as of 5:00 p.m. on the last day of that deadline, however designated.
397 (12) Notice. As used in this Agreement and any document relating to this Agreement, "Notice" shall mean the providing of a true and accurate copy
398 of the document to the other party or their Agent. Notice shall be deemed delivered as of (a) the date and time the notice is sent by email or fax, (b)
399 the time the notice is personally delivered to either the Agent or the Agent's Office, or (c) three (3) calendar days after the date the notice is mailed.

400 **32. UTILITIES:** Seller shall pay all utility bills accrued to date Buyer is entitled to possession. **Buyer shall pay Seller for heating fuel/propane on**
401 **premises, at Seller's supplier's rate on the possession date.** Payment shall be handled between Buyer and Seller outside of Escrow. Seller
402 shall not terminate or disconnect electric, gas, heating fuel/propane, or water utilities prior to Closing unless parties agreed otherwise in writing.

403 **33. APPROVED USES:** THE PROPERTY DESCRIBED IN THIS INSTRUMENT MAY NOT BE WITHIN A FIRE PROTECTION DISTRICT PROTECTING
404 STRUCTURES. THE PROPERTY IS SUBJECT TO LAND USE LAWS AND REGULATIONS THAT, IN FARM OR FOREST ZONES, MAY NOT
405 AUTHORIZE CONSTRUCTION OR SITING OF A RESIDENCE AND THAT LIMIT LAWSUITS AGAINST FARMING OR FOREST PRACTICES, AS
406 DEFINED IN ORS 30.930, IN ALL ZONES. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON TRANSFERRING FEE TITLE
407 SHOULD INQUIRE ABOUT THE PERSON'S RIGHTS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11,
408 CHAPTER 424, OREGON LAWS 2007, SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009, AND SECTIONS 2 TO 7, CHAPTER 8,
409 OREGON LAWS 2010. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD
410 CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY THAT THE UNIT OF LAND BEING TRANSFERRED IS A
411 LAWFULLY ESTABLISHED LOT OR PARCEL, AS DEFINED IN ORS 92.010 OR 215.010, TO VERIFY THE APPROVED USES OF THE LOT OR
412 PARCEL, TO VERIFY THE EXISTENCE OF FIRE PROTECTION FOR STRUCTURES AND TO INQUIRE ABOUT THE RIGHTS OF NEIGHBORING
413 PROPERTY OWNERS, IF ANY, UNDER ORS 195.300,195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS
414 2007, SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009, AND SECTIONS 2 TO 7, CHAPTER 8, OREGON LAWS 2010.

415 **34. IRC 1031 EXCHANGE:** In the event Buyer or Seller elects to complete an IRC 1031 exchange in this transaction, the other party agrees to
416 cooperate with them and the accommodator, if any, in a manner necessary to complete the exchange, so long as it will not delay the Close of
417 escrow or cause additional expense or liability to the cooperating party. Unless otherwise provided herein, this provision shall not become a
418 contingency to the Closing of this transaction.

419 **35.1 LEVY OF ADDITIONAL PROPERTY TAXES:** The Property: *(check one)* ☐ is ☒ is not specially assessed for property taxes (e.g., farm,
420 forest or other) in a way that may result in levy of additional taxes in the future. If it is specially assessed, Seller represents that the Property is
421 current as to income or other conditions required to preserve its deferred tax status. If, as a result of Buyer's actions or the Closing of this
422 transaction, the Property either is disqualified from special use assessment or loses its deferred property tax status, unless otherwise specifically
423 provided in this Agreement, Buyer shall be responsible for and shall pay when due, any deferred and/or additional taxes and interest that may be
424 levied against the Property and shall hold Seller completely harmless therefrom. However, if as a result of Seller's actions prior to Closing, the
425 Property either is disqualified from its entitlement to special use assessment or loses its deferred property tax status, Buyer may, at Buyer's sole
426 option, promptly terminate this transaction and receive a refund of all deposits paid by Buyer in anticipation of Closing; or Close this transaction and
427 hold Seller responsible to pay into Escrow all deferred and/or additional taxes and interest that may be levied or recaptured against the Property
428 and hold Buyer completely harmless therefrom. The preceding shall not be construed to limit Buyer's or Seller's available remedies or damages
429 arising from a breach of this Section 35.1. (Levy of Additional Property Taxes).

430 **35.2 HISTORIC PROPERTY DESIGNATION:** If the Property is or may be subject to a Historic Property local ordinance or is subject to or may
431 qualify for the Historic Property Special Property Tax Assessment under ORS 358.475 to 358.565, Seller shall provide **OREF-045 Historic**
432 **Property Addendum.**

## DISPUTE RESOLUTION

Buyer Initials MH / _____ Date 6-18-19    Seller Initials MH / KH Date 6·19·19

This form has been licensed for use solely by Warren Good pursuant to a Forms License Agreement with Oregon Real Estate Forms, LLC.
LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE OF BUYER AND/OR SELLER AND DATE
Copyright Oregon Real Estate Forms, LLC 2019    www.orefonline.com
No portion may be reproduced without express permission of Oregon Real Estate Forms, LLC    OREF 001
RESIDENTIAL REAL ESTATE SALE AGREEMENT – Page 9 of 11

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com    Matthew Hopkins



| | Sale Agreement # |
|---|---|

433  **36. FILING OF CLAIMS:** All claims, controversies and disputes between Seller, Buyer, Agents, and/or Firms, relating to the enforcement or
434  interpretation of this Sale Agreement (including those for rescission), as well as those relating to the validity or scope of the Sale Agreement, and all
435  matters concerning the jurisdiction of the arbitrator(s) and/or Arbitration Service of Portland, to hear and decide questions of arbitrability
436  (hereinafter collectively referred to as "Claims"), shall be exclusively resolved in accordance with the procedures set forth herein, which shall
437  survive Closing or earlier termination of this transaction. All Claims shall be governed exclusively by Oregon law, and venue shall be placed in the county
438  where the real property is situated. Filing a Claim for arbitration shall be treated the same as filing in court for purposes of meeting any applicable
439  statutes of limitation or statute of ultimate repose, and for purposes of filing a *lis pendens*. BY CONSENTING TO THE PROVISIONS HEREIN,
440  BUYER AND SELLER ACKNOWLEDGE THAT THEY ARE GIVING UP THE CONSTITUTIONAL RIGHT TO HAVE CLAIMS TRIED BY A JUDGE
441  OR JURY IN STATE OR FEDERAL COURT, INCLUDING ALL ISSUES RELATING TO THE ARBITRABILITY OF SAID CLAIMS.

442  **37. EXCLUSIONS:** The following shall not constitute Claims: (1) Any proceeding to enforce or interpret a mortgage, trust deed, land sale contract or
443  recorded construction lien; (2) A forcible entry and detainer action (eviction); (3) If the matter is exclusively between REALTORS® and is otherwise
444  required to be resolved under the Professional Standards Ethics and Arbitration provisions of the National Association of REALTORS®; (4) If the
445  matter relates to a commission or fee with an Agent or Firm, and the written listing, service or fee agreement with Buyer or Seller contains a
446  mandatory mediation and/or arbitration provision; and (5) Filing in court for the issuance of provisional process described under the Oregon Rules of
447  Civil Procedure, provided, however, such filing shall not constitute a waiver of the right or duty to utilize the dispute resolution procedures described
448  herein for the adjudication of any Claims.

449  **38.1. SMALL CLAIMS BETWEEN BUYER AND SELLER:** All Claims between Buyer and Seller that are within the jurisdiction of the Small Claims
450  Court of the county in which the property is located, shall be brought and decided there, in lieu of mediation, arbitration or litigation in any other
451  forum. Notwithstanding ORS 46.455(3), neither Buyer nor Seller shall have a right to request a jury trial and so remove the matter from the Small
452  Claims Department of the Circuit Court. A judgment in Small Claims Court is final and binding and there is no right of appeal.

453  **38.2. MEDIATION AND ARBITRATION BETWEEN BUYER AND SELLER:** If Buyer's and/or Seller's Agent is a member of the National
454  Association of REALTORS®, all Claims shall be submitted to mediation as offered by the local Realtor® Association, if available. If mediation is not
455  available through the Agent's Realtor® organization, then all Claims shall be submitted to mediation through the program administered by Arbitration
456  Service of Portland ("ASP"). All Claims that have not been resolved by mediation as described herein shall be submitted to final and binding
457  arbitration in accordance the then-existing rules of ASP. The prevailing party in any arbitration between Buyer and Seller shall be entitled to
458  recovery of all reasonable attorney fees, filing fees, costs, disbursements, and mediator and arbitrator fees. Provided, however, a prevailing party
459  shall not be entitled to any award of attorney fees unless it is first established to the satisfaction of the arbitrator(s) (or judge, if applicable) that the
460  prevailing party offered or agreed in writing to participate in mediation prior to, or promptly upon, the filing for arbitration.

461  **38.3 MEDIATION AND ARBITRATION INVOLVING AGENTS/FIRMS:** All Claims that include Agents or their Firms shall be resolved in
462  accordance with the mediation and arbitration process described in Section 38.2 (Mediation and Arbitration Between Buyer and Seller) above, and
463  if applicable, the prevailing party shall be entitled to an award of attorney fees, filing fees, cost, disbursements, and mediator and arbitrator fees, as
464  provided therein.

465  **SIGNATURE INSTRUCTIONS**

466  **39. OFFER TO PURCHASE: Buyer offers to purchase the Property upon the terms and conditions set forth in this Agreement. Buyer**
467  **acknowledges receipt of a completely filled in copy of this Agreement which Buyer has fully read and understands. Buyer acknowledges**
468  **that Buyer has not relied upon any oral or written statements made by Seller or any Agents that are not expressly contained in this**
469  **Agreement. Neither Seller nor any Agent(s) warrant the square footage of any structure or the size of any land being purchased. If square**
470  **footage or land size is a material consideration, all structures and land should be measured by Buyer prior to signing or should be made**
471  **an express contingency in this Agreement.**

472  Deed or contract shall be prepared in the name of __Matthew Hopkins__.

473  **Co-Ownership Note:** Buyer should secure advice from an expert or attorney regarding different forms of co-ownership and rights of survivorship.
474  Agents are not qualified to provide advice on these issues. Once the form of co-ownership is determined, Buyer should promptly notify Escrow.

475  This offer shall automatically expire on *(insert date)* _____, _____ at _____ ☐ a.m. ☐ p.m., (the "Offer Deadline"), if not
476  accepted by that time. Buyer may withdraw this offer before the Offer Deadline any time prior to Seller's transmission of signed acceptance. This
477  offer may be accepted by Seller only in writing.

478  Buyer /s/ _____ Date 6-18-19 , _____ a.m. ___ p.m. ←
         Matthew Hopkins

479  Buyer _____ Date _____, _____ a.m. ___ p.m. ←

Buyer Initials _MH_ / _____ Date _6-18-19_      Seller Initials _MH_ / _KH_ Date _6/18/19_

**This form has been licensed for use solely by Warren Good pursuant to a Forms License Agreement with Oregon Real Estate Forms, LLC.**
**LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE OF BUYER AND/OR SELLER AND DATE**
Copyright Oregon Real Estate Forms, LLC 2019      www.orefonline.com
No portion may be reproduced without express permission of Oregon Real Estate Forms, LLC                OREF 001
RESIDENTIAL REAL ESTATE SALE AGREEMENT – Page 10 of 11

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com      Matthew Hopkins

| | | | |
|---|---|---|---|
| 480 | Address | 633 NE 7TH McMinnville OR | Zip 97128 |
| 481 | Phone #1 ___ Phone #2 ___ E-mail ___ | | |

483 This offer was delivered/transmitted to Seller for signature on the (date) __6-19-2019__, at __ a.m. __8:30__ p.m.
484 By __Warren Good__ (Agent(s) presenting offer).

485 **40. AGREEMENT TO SELL / ACKNOWLEDGEMENTS / DISPOSITION OF EARNEST MONEY:** Seller <u>accepts</u> Buyer's offer. Seller
486 acknowledges receipt of a completely filled-in copy of this Agreement, which Seller has fully read and understands. Seller acknowledges
487 that Seller has not relied upon any oral or written statements of Buyer or of any Agent(s) that are not expressly contained in this
488 Agreement.
489 Seller __Mark R. Hopkins__ (signature) Date __6/19/19__, __ a.m. __(p.m.)__ ←
     Mark Hopkins
490 Seller __Kathryn L. Hopkins__ (signature) Date __6-19-19__, __ a.m. __(p.m.)__ ←
     Kathryn L. Hopkins
491 Address __633 NE 7th St__ McMinnville OR Zip __97128-3904__
492 Phone #1 ___ Phone #2 ___ E-mail ___

493 Note: If delivery/transmission occurs after the Offer Deadline identified at Section 39 (Offer to Purchase) above, it will not
494 become binding upon Seller and Buyer unless the parties agree to extend said Deadline by an Addendum, Counteroffer, or other
495 writing, jointly signed by the parties. The parties' failure to do so shall be treated as a rejection under Section 41 (Seller's
496 Rejection), below, and this transaction shall be automatically terminated.

497 **41. SELLER'S REJECTION/COUNTER OFFER (select only one):** ☐ Seller does not accept the above offer, but makes the attached counter
498 offer.
499 ☐ Seller rejects Buyer's offer.

500 Seller ___ Date ___, ___ a.m. ___ p.m. ←
     Mark Hopkins
501 Seller ___ Date ___, ___ a.m. ___ p.m. ←
     Kathryn L. Hopkins
502 Address __633 NE 7th St__ McMinnville OR Zip __97128-3904__
503 Phone #1 ___ Phone #2 ___ E-mail ___

504 <u>NO CHANGES OR ALTERATIONS ARE PERMITTED TO ANY PORTION OF THE PRE-PRINTED FORMAT OR TEXT OF THIS FORM. ANY</u>
505 <u>SUCH PROPOSED CHANGES OR ALTERATIONS SHOULD BE MADE ON A SEPARATE DOCUMENT. CHANGES BY BUYER'S OR</u>
506 <u>SELLER'S AGENT TO THE TERMS OR PROVISIONS ABOVE BUYER'S SIGNATURE SHOULD ALSO BE ON A SEPARATE DOCUMENT.</u>

Buyer Initials __MH__ / ___ Date __6-18-19__      Seller Initials __MH__ / __KH__ Date __6/19/19__

This form has been licensed for use solely by Warren Good pursuant to a Forms License Agreement with Oregon Real Estate Forms, LLC.
LINES WITH THIS SYMBOL ← REQUIRE A SIGNATURE OF BUYER AND/OR SELLER AND DATE
Copyright Oregon Real Estate Forms, LLC 2019      www.orefonline.com
No portion may be reproduced without express permission of Oregon Real Estate Forms, LLC                    OREF 001
RESIDENTIAL REAL ESTATE SALE AGREEMENT – Page 11 of 11
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com         Matthew Hopkins